IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK LEYDEN, for himself and a class, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| DYCK-O'NEAL INC., | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Frank Leyden brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Dyck-O'Neal Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District; and

    b.  Defendant does or transacts business within this District.

### PARTIES

4.  Plaintiff Frank Leyden is an individual who resides in the Northern District of Illinois.

5.  Defendant Dyck-O'Neal Inc. is a Texas corporation with principal offices in Texas. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

6.  Dyck-O'Neal Inc. is engaged in the business of using the mails and

telephone to collect allegedly delinquent consumer debts originally owed to others.

    7.  Dyck-O'Neal Inc., is licensed as a collection agency by the state of Illinois.

    8.  Dyck-O'Neal Inc. is a debt collector as defined in the FDCPA.

## FACTS

    9.  On or about August 8, 2012, defendant sent plaintiff the letter attached as Exhibit A.

    10.  Exhibit A seeks to collect an alleged debt incurred for personal, family or household purposes, and not for business purposes.

    11.  Exhibit A is the first letter defendant sent to plaintiff regarding the alleged debt described therein.

    12.  On information and belief, Exhibit A is a form intended for use as the initial letter which defendant sends to a consumer.

    13.  Exhibit A fails to clearly identify the current creditor or owner of the debt.

    14.  Exhibit A states that Dyck-O'Neal "acquired the above referenced account and is now the current assignee of collections." An assignee for collection purposes is not the current creditor or owner of the debt. Furthermore, the letter also references "Fannie Mae deficiencies," suggesting that Fannie Mae is the current owner or creditor.

    15.  In addition, Exhibit A fails to state that if the consumer desires verification of the debt, he must dispute it in writing.

    16.  No other letter sent by defendant within 5 days of Exhibit A contained the information required by 15 U.S.C. §1692g.

## COUNT I – FDCPA

    17.  Plaintiff incorporates paragraphs 1-16.

    18.  Defendant violated 15 U.S.C. §1692g, by failing to provide the required

notices within five days of the initial communication with plaintiff.

    19.  15 U.S.C. §1692g provides:

(a)  **Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**

  (1)  **the amount of the debt;**

  (2)  **the name of the creditor to whom the debt is owed;**

  (3)  **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

  (4)  **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

  (5)  **a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

(b)  **Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(c)  **Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

(d)  **Legal pleadings. A communication in the form of a formal pleading in a civil**

**action shall not be treated as an initial communication for purposes of subsection (a).**

(e) **Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [28 U.S.C. § 1 *et seq.*], title V of Gramm-Leach-Bliley Act [15 U.S.C. §6801 *et seq.*], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

20. In addition, the letter sent by defendant, in the form of Exhibit A, is ambiguous and inconsistent, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

21. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of –**

**(A) the character, amount, or legal status of any debt.... [or]**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of a class.

23. The class consists of all natural persons with Illinois, Indiana or Wisconsin addresses, who were sent a letter in the form represented by Exhibit A, on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

24. The class members are so numerous that joinder is impracticable.

25. There are questions of law and fact common to the class members, which predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A complies with the FDCPA.

26. Plaintiff's claim is typical of the claims of the class members. All are

based on the same factual and legal theories.

      27.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

      28.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

      WHEREFORE, plaintiff respectfully seeks judgment in his favor, and in favor of the class, and against defendant, for:

    (A)    Statutory and actual damages;

    (B)    Attorney's fees, litigation expenses and costs of suit; and

    (C)    Such other and further relief as the Court deems proper.


    /s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6